# VALFRED ALHO v. PAUL STERLING.

122 N. W. (2d) 869.

July 3, 1963—No. 38,778.

*E. Luther Melin,* for appellant.
*John D. Durfee,* for respondent.

OTIS, JUSTICE.

Plaintiff sues to rescind a contract conveying to defendant 40 acres of property located in St. Louis County, alleging the conveyance was induced by "undue influence, chicanery and fraud." Before answering, defendant moved for dismissal under Rule 12.02, Rules of Civil Procedure, or in the alternative under Rule 12.06. In the event these motions were denied, defendant sought an order compelling the plaintiff to allege fraud with more particularity and certainty under Rule 9.02.[1] The court denied the motions to dismiss but, without indicating the consequences of his refusal to obey, ordered plaintiff to comply with Rule 9.02 in the following manner:

"* * * to amend his complaint alleging and setting out with partic-

---

[1] Rule 9.02, Rules of Civil Procedure, provides as follows: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

ularity what false or fraudulent representations were made by defendant and whether or not such representations induced plaintiff to sell and convey to defendant the land and property described in the complaint."

Plaintiff served an amended complaint which prompted another motion by defendant for substantially the same relief as the first, resulting in a second order couched in terms almost identical with those of the previous order. Plaintiff appeals from both orders.

1. We are of the opinion that orders requiring compliance with Rule 9.02 are not appealable and hold that this appeal must therefore be dismissed. Prior to the adoption of the Rules of Civil Procedure, we held that an order requiring plaintiff to make his complaint more definite and certain, under a statute now superseded by Rules 12.05 and 12.06, was appealable because the effect of striking the complaint was to prevent the entry of judgment. Hence the order constituted a final disposition and was appealable under what is now Minn. St. 605.09(3, 5).[2]

Even where the trial court has made no provision for enforcing its order, we have held that its implicit power to invoke sanctions by striking parts of the answer or barring the introduction of evidence had the effect of making the order final and hence appealable.[3] The rationale of our prior decisions is based on the plaintiff's inability to enter judgment from which an appeal may be taken in cases where the pleadings are stricken. Rule 9.02 has no antecedent in the statutes and was taken from Rule 9(b) of the Federal Rules of Civil Procedure but embodies the previously existing law of this state.[4] Obviously there have to be sanctions to enforce the rule.[5] Rule 41.02(1) authorizes the court on its own motion to dismiss an action for failure to comply with the rules or any order of the court. Enforcement of the orders here for review

---

[2]Lovering v. Webb Publishing Co. 108 Minn. 201, 120 N. W. 688, 121 N. W. 911.

[3]Baer v. Waseca Milling Co. 143 Minn. 483, 171 N. W. 767, 173 N. W. 401.

[4]Royal Realty Co. v. Levin, 244 Minn. 288, 290, 69 N. W. (2d) 667, 670.
[5]2 Moore, Federal Practice (2 ed.) par. 9.03.

does not therefore necessarily lead to a nonappealable posture but rather to a dismissal which is itself appealable.[6]

2. Although our disposition of the appeal on a procedural question renders unnecessary a decision on the merits, it is apparent that the orders appealed from are proper and appropriate under our prior decisions. Plaintiff has based his claim on allegations that he is a woodsman and a carpenter, 70 years of age when the transaction complained of occurred, impaired in health, and lacking understanding of his rights; that defendant is a practicing attorney who is 25 years his junior; that the property was sold without adequate consideration and by the exercise of undue influence, chicanery, and fraud, to which plaintiff was susceptible because of his mental and physical disability. Plaintiff seeks a judgment restraining the transfer of title, adjudging the conveyance void, requiring a reconveyance to plaintiff, and adjudicating him the owner of the premises. While plaintiff alleges that one party took advantage of the other and that he was incapable of protecting his property against undue influence and fraud of defendant, he nowhere unequivocally alleges that defendant was actually guilty of fraud and fails to indicate in any way what the intimated fraud consisted of. It is apparent that were the matter to be presented on the merits, it would be governed by our decisions in Parrish v. Peoples, 214 Minn. 589, 9 N. W. (2d) 225, and Royal Realty Co. v. Levin, 244 Minn. 288, 290, 69 N. W. (2d) 667, 670.

Appeal dismissed.

---

[6]Royal Realty Co. v. Levin, 243 Minn. 30, 32, 66 N. W. (2d) 5, 6.