GENERAL INSURANCE COMPANY OF AMERICA v.
MICHAEL A. LEBOWSKY AND ANOTHER.

252 N. W. 2d 252.

March 18, 1977—No. 46464.

*Berman & Lazarus, Barry Lazarus,* and *Richard A. Saliterman,* for appellants.

*Jardine, Logan & O'Brien* and *John M. Kennedy, Jr.,* for respondent.

Heard before Yetka, Scott, and Winton, JJ., and considered and decided by the court en banc.

YETKA, JUSTICE.

Plaintiff, a surety, brought an action to recover damages sustained after it became obligated to pay an indemnity bond for lost securities. A partial summary judgment was granted in favor of plaintiff on the issue of liability in district court. Thereafter, the issue of damages was tried by the court, which found plaintiff entitled to $12,199.57. At the conclusion of the trial on damages, the trial court made amended findings of fact and conclusions of law, finding defendants guilty of fraud on the issue of liability. We affirm.

The issues raised on this appeal are:

(1)   Whether, after partial summary judgment is entered under Rule 56.04, Rules of Civil Procedure, on the issue of liability and a separate trial had on the issue of damages alone, the trial court can enter findings and conclusions holding that liability is based on fraud.

(2)   Whether a plaintiff surety is entitled to summary judgment on the issue of fraud when defendant principal admits under Rule 36, Rules of Civil Procedure, that he falsified an application for a bond to cover a lost instrument, that he later pledged the instrument to a third party, and that as a result plaintiff surety was obligated to make payment under the terms of the bond.

On February, 18, 1971, defendants, Michael A. Lebowsky and Lynn D. Lebowsky, applied to plaintiff, General Insurance Company of America, for a lost instrument bond. In their application defendants affirmed the following statement was true:

"The certificate in question was mailed, via regular first class, to Merrill Lynch at 210 Cargill Bldg. Mpls on 1-18-71. They received the envelope with the flap open and the certificate missing. I call [sic] the Post Office, Lost Mail Dept. and left word if the certificate was found anywhere in the mails. To this date it has not been recovered."

They also certified:

"That if this suretyship is given in connection with lost instruments of securities, and such lost instruments come into my possession at any time, I will, at my own cost and expense deliver or cause said securities to be delivered to SURETY."

Plaintiff then issued the bond in the principal amount of $20,000. On the basis of the bond, Eastern Airlines issued a replacement debenture to one of the defendants who in turn assigned the replacement debenture to Midway National Bank of St. Paul.

On September 27, 1972, one of the defendants pledged the original debenture certificate to Crystal State Bank as collateral for a $30,000 promissory note. On August 2, 1973, Crystal State Bank presented the original certificate and demanded it be re-registered in its name. Under the terms of its bond agreement, plaintiff was obligated to pay for a replacement debenture.

On October 30, 1973, plaintiff instituted the present action. The complaint alleged two counts, the first on the basis that the security "was in fact not lost as fraudulently, unlawfully and/or negligently represented by defendants," and the second on the basis of breach of contract.

On November 1, 1974, plaintiff moved for summary judgment. On November 27, 1974, a partial summary judgment was ordered in favor of plaintiff on the issue of liability. No specific findings of fact or conclusions of law were made.

Prior to trial, defendants answered each of the following requests for admissions in the affirmative:

"II

"That on or about February 18, 1971, Michael A. Lebowsky and Lynn D. Lebowsky made application with the General Insurance Company of America for issuance of a lost instrument bond naming Michael A. Lebowsky as principal, Eastern Airlines, Chemical Bank and the First National Bank of Chicago as obligees and the General Insurance Company of America as surety, certifying and affirming that debenture RU2375, dated January 4, 1971, in principal amount of $20,000.00 with maturity date of October 1, 1993, issued by Eastern Airlines, Inc. had been lost.

\* \* \* \* \*

"V

"That on or about February 18, 1971, General Insurance Company of America did issue lost security bond No. 587820.

\* \* \* \* \*

"IX

"That security RU2375 was in fact not lost as claimed by Michael A. Lebowsky and Lynn D. Lebowsky in their application for lost instrument bond.

"X

"That on or about September 27, 1972, Michael A. Lebowsky pledged security RU2375 to the Crystal State Bank in Minnesota as collateral for a $30,000.00 loan which he secured at that time.

\* \* \* \* \*

"XIV

"That General Insurance Company of America was obligated under the terms of bond No. 5878 to make payment and did make payment to the First National Bank of Chicago in the amount of $10,145.83."

On May 28, 1975, the issue of damages was tried separately, and then the court issued findings of fact and conclusions of law. One finding was:

, "That the plaintiff was required to make said payment as the direct result of the fraudulent, unlawful and/or negligent conduct of defendants, and each of them."

Thereafter, defendants moved that this finding be stricken, or, in the alternative, a new trial be granted. On the day their motion was heard, plaintiff made a motion before the same judge who had originally decided the question of liability and who had ordered partial summary judgment as to liability requesting more specific findings pursuant to Rule 56.04[1] to read in part, the defendants were "guilty of fraud as alleged in the pleadings and as admitted by defendants in their Response to Request for Admissions." Based on the admissions of defendants, the court made findings on August 27, 1975, to provide that defendants were "guilty of fraudulent conduct." On the basis of these findings, the judge who tried the damages issue amended his findings of fact and conclusions of law on September 9, 1975, to incorporate findings of fraud on the part of defendants. Judgment was entered thereon and defendants appealed from the judgment.

■ We start with the common ground. Defendants do not dispute liability in some form, nor do they dispute the amount of damages found. However, they do allege the partial summary judgment on liability found only general liability on the part of defendants. The finding, defendants argue, could be based on

[1] Rule 56.04, Rules of Civil Procedure, provides: "If, on motion under this rule, judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall, if practicable, ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly."

breach of contract, fraud, or negligence, and is thus equivalent to a general verdict. Defendants thus object to the amended finding of the trial court that judgment was based on fraud.

Procedural deficiencies rather than substantive law create the problem at issue. Under Rule 56.04, Rules of Civil Procedure, the trial court which decided the issue of liability was under a duty to issue an order specifying what facts appeared to it to be without substantial controversy, preferably supported by findings of fact. The procedure prescribed in Rule 56.04 is designed to be ancillary to a motion for summary judgment. Rule 56.04 does not authorize the entry of a judgment on part of a claim or the granting of partial relief. It simply allows the court to withdraw sham issues from the case and in so doing to salvage some results from the judicial efforts involved in the denial of a motion for summary judgment. Rule 56.03 does state that "[a] summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages." However, Rule 54.01 defines judgment to include "a decree and means the final determination of the rights of the parties in an action or proceeding." Thus, as defined in Rule 54.01, a judgment does not include a partial summary "judgment" as authorized by Rules 56.03 and 56.04. 2 Hetland & Adamson, Minnesota Practice, Civil Rules Ann., p. 521. The term "partial summary judgment" thus is often a misnomer. If a court renders a summary adjudication that is less than final, it is more accurate to refer to that action as an interlocutory adjudication.

Thus, the original order here purporting to enter summary judgment on the issue of liability alone is a nullity in so far as it attempts to enter judgment. It will be treated as a finding of no dispute on the issue of liability, yet it did not set forth the basis of that liability. Therefore, the court which tried the damages issue correctly allowed plaintiff to petition the court which heard the liability issue to clarify and amend its findings before

376

it issued final findings of fact, conclusions of law, and order for judgment.

■ On the question whether the facts were sufficient to substantiate a finding of fraud, we hold in the affirmative. A negligent misrepresentation is sufficient for a finding of fraud in Minnesota. 8A Dunnell, Dig. (3 ed.) § 3819. The admissions established at least a negligent misrepresentation on the part of defendants. As such, the admissions are sufficient to establish fraudulent conduct on the part of defendants as a matter of law.

Affirmed.