JUSTER STEEL, etc., Appellant,

v.

CARLSON COMPANIES, Braun
Engineering Testing, Inc.
Respondents.

No. C1–84–2056.

Court of Appeals of Minnesota.

April 23, 1985.

Daryle L. Uphoff, Minneapolis, for appellant.

J. Patrick McDavitt, Minneapolis, for Carlson Companies.

Glenn E. Purdue, Minneapolis, for Braun Engineering Testing, Inc.

Heard, considered and decided by LESLIE, P.J., and SEDGWICK and RANDALL, JJ.

## OPINION

SEDGWICK, Judge.

The trial court dismissed Count I of appellant's complaint as barred by the statute of limitations, Counts II and IV on grounds of insufficient particularity in the pleading, or alternatively failure to state a claim, and granted summary judgment on Count III. We affirm.

## FACTS

Appellant Juster Steel and respondent Carlson entered into a purchase agreement for property in Hennepin County on February 20, 1976. As a condition to the agreement, Carlson agreed to undertake necessary excavation and landfill to accommodate the construction of a building along the southern portion of the property. Appellant agreed to hire respondent Braun to perform soil tests to determine whether the soil correction work was properly accomplished. Appellant and Carlson agreed to split the resulting costs. Appellant took possession of the property on July 1, 1976, after Braun's initial representation that the soil work had been done properly.

During the first phase of construction, in September 1976, the construction company hired by appellant informed appellant about soil deficiencies along the east edge of the fill that did not conform to compaction specifications. Appellant commenced litigation against Carlson, Braun and other defendants to recover its additional landfill costs. Settlement was reached on February 28, 1978.

Shortly after the soil compaction deficiency was discovered in September 1976, Braun performed additional soil testing to determine if portions of land designated for future expansion of the building met soil compaction specifications. Braun orally submitted its finding to appellant in October 1976, followed by a written report dated December 29, 1976. This report was submitted by Braun in connection with settlement of the first lawsuit. Braun's report noted a soil deficiency in the east building line of the original building area.

Appellant initiated its expansion of the building in August 1982. In addition, appellant hired a soil consultant, GME, to further examine the property. GME informed appellant that portions of the soil did not conform to specifications. As a result of the deficiencies, appellant directed the reexcavation and recompaction of the soil at an additional cost of $15,967. On April 5, 1983, appellant commenced this second litigation to recover its damages. On July 26, 1983, both Braun and Carlson moved for summary judgment or dismissal of the action. The trial court granted the motions by order dated August 8, 1984 and judgment was entered on September 27, 1984.

## ISSUES

1. Did the trial court err in determining that the breach of contract claim in Count I was barred by the statute of limitations?

2. Did the trial court err in dismissing the misrepresentation claims in Counts II and IV on alternate grounds of insufficient particularity and failure to state a claim upon which relief can be granted?

3. Did the trial court err in rendering summary judgment on the negligence claim against Braun in Count III?

## ANALYSIS

1. The trial court found appellant's breach of contract claim (Count I) barred by the six year statute of limitations under Minn.Stat. § 541.05(1). In computing the six year period, the trial court explicitly noted that the statute of limitations began to run when the breach occurred; either on July 1, 1976 (the date of appellant's possession of the property) or on October 22, 1976

(the date appellant learned of soil deficiencies in the east building line). Since litigation was not commenced until April 5, 1983, the trial court determined that the action was barred regardless of which starting date was used.

Appellant argues that breach of contract claims must be brought within six years of *discovery* of the defect in August 1982. In support of this assertion, appellant points to *Kittson County v. Wells, Denbrook, and Associates*, 308 Minn. 237, 241 N.W.2d 799 (1976), and *Continental Grain Co. v. Fegles Construction Co.*, 480 F.2d 793 (8th Cir.1973). Appellant's reliance on these cases is misplaced.

In *Kittson County*, the issue was the proper scope and application of Minn.Stat. § 541.051(1), a two year statute of limitation for actions based on improvements to real property. The plaintiff had alleged breach of contract in the construction of a courthouse and the trial court held the action barred by section 541.051(1). The Supreme Court reversed and remanded the case because it found section 541.05(1) to be the governing statutory limitation period.

> The instant case is an action sounding in breach of contract and in warranty, and the plaintiff is in privity with the defendants. Therefore § 541.051 is not applicable and the action is governed by the 6-year statute of limitations in § 541.-05(1) * * *.

*Id.* at 802.

Appellant asserts that the concluding language to the above quote is controlling on this case:

> Since it is apparently undisputed that the action was brought within six years of *discovery of the defect*, we reverse and remand * * *.

*Id.* (emphasis supplied).

■ While this language could suggest that the limitations period under section 541.05(1) is tolled until discovery of the breach, it is more probable that the reference to "discovery" is mere dictum. First, the tolling period of section 541.05(1) was not at issue in the case. Second, section

541.051 explicitly sets the limitation at within "two years after discovery * * *." Section 541.05(1) does not contain a similar provision. Third, the Minnesota Supreme Court has said that "where the legislature intends the limitation period to be contingent upon the knowledge of the aggrieved party, it has so provided." *Murphy v. Country House, Inc.*, 307 Minn. 344, 240 N.W.2d 507, 510 (1976).

For similar reasons, appellant's reliance on *Continental Grain* is unfounded. In *Continental Grain*, the Eighth Circuit dealt specifically with interpretation of Minn.Stat. § 541.051. As already discussed, section 541.051 is distinguishable from section 541.05(1) because it expressly provides that the statutory limitation period is tolled until discovery of the defect.

As the trial court noted, "It is generally accepted that ignorance or lack of knowledge of the existence of a cause of action does not toll the * * * limitations period for contract claims." Citing *Wild v. Rarig*, 302 Minn. 419, 234 N.W.2d 775 (1975).

The trial court did not err in dismissing Count I.

2. Appellant's Misrepresentation, whether negligent or fraudulent, constitutes fraud under Minnesota law. *General Insurance Co. of America v. Lebowsky*, 312 Minn. 370, 252 N.W.2d 252, 255 (1977).

Minn.R.Civ.P. 9.02 states:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

In dismissing Counts II and IV on grounds of insufficient particularity, the trial court said:

> At a minimum, Plaintiff is required to specifically state the false representation inducing reliance * * *. [The] Complaint merely refers to representations in Braun's letter dated December 29, 1976, and representations made by Carlson Properties, without specifically identify-

ing the particular events and statements relied upon by the Plaintiff * * *.

Appellant argues that the complaint was pleaded with requisite particularity because it identifies the misrepresentation, reliance and damages stemming from the misrepresentation.

Minnesota cases support the trial court's action.

In *Atcas v. Credit Clearing Corp. of America*, 292 Minn. 334, 197 N.W.2d 448 (1972), the Minnesota Supreme Court listed five essential elements of fraud:

(1) False representations; (2) made with the intent to deceive; (3) plaintiffs took action or refrained from taking action in reliance on these misstatements; (4) resulting in damages; (5) which are proximately caused by the misstatements.

While paragraphs 19 and 26 in the complaint facially assert false representations by Braun and Carlson respectively, the complaint only vaguely refers to the content of the misrepresentations.

Paragraph 12 simply states that soil conditions "were not in accordance with the representations made by Braun * * *." Paragraph 19 states that the representations in Braun's December 1976 letter "contained material misrepresentations of fact * * *." Paragraph 26 asserts that Carlson's representations of excavation work in accordance with the agreement were "false." Under an *Atcas* standard, the complaint appears most insufficient by its failure to allege any "intent to deceive" on the part of either respondent.

Appellant argues that the affidavits of Melvin Juster and Cameron Kruse provided specificity to the complaint. But Juster's affidavit is also lacking in detail. The only reference to possible fraud by Braun was Juster's statement that the soil compaction work did not comport with "the representations expressed in [Braun's] letter and graph dated December 29, 1976."

■ Appellant's complaint is more in line with cases finding general allegations of fraud insufficient to meet the requirements of Rule 9.02. *See Westgor v. Grimm*, 318 N.W.2d 56 (Minn.1982); *Fitzgerald v. St. Joseph's Hospital*, 301 Minn. 493, 221 N.W.2d 702 (1974); *Parrish v. Peoples*, 214 Minn. 589, 9 N.W.2d 225 (1943).

The trial court further dismissed Counts II and IV on alternate grounds under Minn. R.Civ.P. 12.02(5) which provides in relevant part:

Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: * * * (5) failure to state a claim upon which relief can be granted; * * *

■ On appeal from a Rule 12.02(5) dismissal, the only question presented to the reviewing court is whether the complaint set forth a legally sufficient claim for relief. *Elzie v. Commissioner of Public Safety*, 298 N.W.2d 29 (Minn.1980); *Royal Realty Co. v. Levin*, 244 Minn. 288, 69 N.W.2d 667 (1955). Further, it is immaterial whether the plaintiff could prove the facts alleged. *Id.*

Generally, a motion to dismiss pursuant to Rule 12.03(5) should only be granted if it appears as a certainty from the entire pleadings that no facts exist to support the relief demanded. *Northern States Power Co. v. Franklin*, 265 Minn. 391, 122 N.W.2d 26 (1963).

The trial court ruled as a matter of law that the pleaded facts did not constitute a cause of action in fraud as defined by *Davis v. Re-Trac Manufacturing Corp.*, 276 Minn. 116, 149 N.W.2d 37 (1967). The *Re-Trac* opinion set out eleven elements of fraud:

1. There must be a representation;
2. That representation must be false;
3. It must have to do with a past or present fact;
4. That fact must be material;
5. It must be susceptible of knowledge;

6. The representer must know it to be false, or in the alternative, must assert it as of his own knowledge without knowing whether it is true or false;

7. The representer must intend to have the other person induced to act, or justified in acting upon it;

8. That person must be so induced to act or so justified in acting;

9. That person's action must be in reliance upon the representation;

10. That person must suffer damage;

11. That damage must be attributable to the misrepresentation, that is, the statement must be the proximate cause of the injury.

*Id.* at 38–39.

As previously stated, the complaint clearly does not allege element six in either Count II or Count IV. Even a liberal reading of the complaint sheds doubt on the existence of elements four, five and seven in both counts.

Appellant concedes the viability of *Re-Trac,* but asserts that more recent Minnesota cases have recognized and upheld fraud actions based on negligent misrepresentation. *Control Data Corp. v. Garrison,* 305 Minn. 347, 233 N.W.2d 740 (1975); *Doty v. Brueckner,* 352 N.W.2d 827 (Minn. Ct.App.1984).

While it is true that Minnesota courts have recognized that negligent misrepresentation constitutes fraud, that does not lessen the standards of pleading as appellant implies. In both *Control Data* and *Doty,* the appeal was premised on alleged errors from the *evidence adduced at trial,* not on the sufficiency of the complaint.

■■■ 3. On review, this court must determine two questions. First, whether any genuine issues of material fact existed and second, whether the trial court erred in applying the law. *Betlach v. Wayzata Condominium,* 281 N.W.2d 328, 330 (Minn.1979). Additionally, this court must view the evidence most favorably to the nonmoving party. *Grondahl v. Bulluck,* 318 N.W.2d 240, 242 (Minn.1982).

In granting respondents' motions for summary judgment, the trial court said:

Plaintiff has demonstrated no fact issues, the resolution of which will support a negligence claim against defendant Braun. Based upon the specific facts as alleged by plaintiff, there exists no demonstrable negligence on the part of defendant Braun. The testing procedures and results thereof, appear reasonable, and in substantial conformity with the GME consultant's report regarding the east building line. Thus, defendant Braun is granted summary judgment on Count III * * *.

This issue appears closer than the others when viewed from the trial court's language that the testing procedures "appear reasonable" and in "substantial conformity" with the GME report. These are factual determinations within the province of the jury. *See Illinois Farmers Insurance Co. v. Tapemark Co.,* 273 N.W.2d 630 (Minn. 1978). The evidence and affidavits, however, support summary judgment on the negligence issue.

The basis for Juster Steel's claim of negligence against Braun is paragraph 12 of its complaint based on a December 29, 1976 letter written by Braun. This letter represents the condition of soil compaction as it affects future expansion of Juster's building.

Braun moved for summary judgment, supporting its motion by a Kruse affidavit with an attached sketch and report of the land in question. The report is by GME consultants who are to be Juster's experts at trial. It states that GME found and reported the same conditions as those reported by Braun in its December 29, 1976 letter. In addition, the unrebutted Kruse affidavit states that the lack of conformity found and reported by Braun in its December 29, 1976 report was of the same type as the non-conformity which was the basis for the first lawsuit.

Juster chose not to supplement its pleadings with respect to Count III. No facts

were presented showing a genuine issue for trial.

 Minn.R.Civ.P. 56.05 provides that if a summary judgment motion is supported by affidavits, the non-moving party cannot rely on assertions in his pleadings to create fact issues. Specific facts must be presented. *Ahlm v. Rooney*, 274 Minn. 259, 143 N.W.2d 65, 68 (1966).

 The trial court did not err in finding there was no genuine issue of material fact as to Count III of Juster's complaint. Summary judgment was proper.

## DECISION

The trial court dismissed Count I of appellant's complaint as barred by the statute of limitations, Counts II and IV on grounds of insufficient particularity in the pleading, or alternatively failure to state a claim, and granted summary judgment on Count III. We affirm.