William D. STUBBLEFIELD,
Respondent,

v.

Michael L. GRUENBERG, Appellant.

No. C1–88–123.

Court of Appeals of Minnesota.

July 26, 1988.

Steven L. Severson, Jerry W. Snider, Faegre & Benson, Minneapolis, for respondent.

Scott G. Harris, Frank R. Berman, Frank R. Berman, P.A., Minneapolis, for appellant.

Heard, considered and decided by FOLEY, P.J., and NIERENGARTEN and SCHULTZ,* JJ.

## OPINION

FOLEY, Judge.

Appellant Michael L. Gruenberg defaulted on a note in favor of respondent William D. Stubblefield. Stubblefield initiated an action for the amount due on the note. Gruenberg answered the complaint and, as an affirmative defense, alleged fraud in the inducement. Stubblefield moved for summary judgment.

Stubblefield obtained summary judgment. The trial court found Gruenberg's allegations of fraud were not pleaded with particularity. Therefore, the trial court held Gruenberg had set forth no facts sufficient to defeat Stubblefield's motion for summary judgment. We affirm.

## FACTS

This case involves the affairs of Endotronics, Inc. and two of its former principals. Gruenberg was a co-founder of Endotronics and served as its executive vice-president until October 1986 and then as its president until March 1987. Stubblefield was Endotronics' chief executive officer and president from 1985 through October 1986.

On December 10, 1986 Gruenberg executed a promissory note for $2,268,375 in favor of Stubblefield. The note was part of the settlement of an action Stubblefield initiated against Gruenberg and others for the alleged wrongful termination of employment. The note was signed in exchange for the sale of Stubblefield's Endotronics' stock. Under its terms, Gruenberg was obligated to pay the principal balance in four installments, the first of which was due on March 31, 1987. In the event Gruenberg failed to pay an installment within 10 days of its due date, Stubblefield was given the option to declare the promissory note immediately due and payable in full.

On March 31, 1987 Gruenberg defaulted. Stubblefield elected to declare the note immediately due and payable. Despite Stubblefield's demands for payment, Gruenberg failed to pay.

In March 1987 Endotronics was plagued with problems. Due to the wide fluctuations in the price of its stock, the company and its principals were under investigation by the FBI and the SEC.

On April 20, 1987 Stubblefield initiated an action against Gruenberg for the amount due on the note. In his complaint Stubblefield alleged that Gruenberg was indebted to him under the note and pleaded all of the facts material to the claim of indebtedness including Gruenberg's execution of the note and default under the note.

In his answer, Gruenberg admitted executing the note but denied all of the other allegations. As an affirmative defense, Gruenberg pleaded that his execution of the note was fraudulently induced by Stubblefield. His answer reads in part:

3. Defendant specifically alleges that Defendant's execution of the Promissory Note was induced by fraud on the part of Plaintiff William D. Stubblefield. Plaintiff made false representations, misstated facts, and concealed facts necessary to make other statements of Plaintiff not misleading; Plaintiff had knowledge of the true facts and knew they were material to Defendant; and Defendant relied on Plaintiff's representations and statements in executing the Promissory Note and in entering into the transaction underlying that Promissory Note.

With his answer, Gruenberg served notice of taking deposition of Stubblefield.

Shortly thereafter, Stubblefield served notice of taking deposition of Gruenberg. Gruenberg did not appear for his deposition but brought a motion for a protective order. In this motion, Gruenberg requested that he be permitted to depose Stubblefield before his own deposition was taken.

On June 11, 1987 the trial court denied Gruenberg's motion and ordered that Gruenberg's deposition be taken before

---

* Acting as judge of the court of appeals by appointment pursuant to Minn. Const. art. 6, § 2.

Stubblefield's. The trial court also set a timetable for the deposition of both parties. According to the trial court's order, Gruenberg was to make himself available for deposition on or before September 11, 1987 and Stubblefield was to make himself available for deposition on or before October 11, 1987.

On September 11, 1987 Gruenberg appeared for deposition. During the deposition, Gruenberg refused to answer any questions except to state his name. Gruenberg responded to all other questions by asserting his privilege against self-incrimination under the fifth amendment of the United States Constitution.

On September 14, 1987 Gruenberg served a notice of taking deposition which set Stubblefield's deposition for September 28, 1987. Stubblefield was scheduled to be out of town. Upon receiving Gruenberg's notice, Stubblefield informed Gruenberg that he would be attending a seminar on that date. He claimed he had already paid for the seminar fee, airline tickets and hotel charges, all of which were non-refundable. However, Stubblefield informed Gruenberg that he would be available for deposing on September 23, 24, 25, and 26 as well as the entire week of October 5, 1987. These dates apparently conflicted with the religious holidays and appointment and trial schedule of Gruenberg's counsel.

On September 22, 1987 Stubblefield served his motion for summary judgment. Gruenberg responded by filing a motion for a protective order and, alternatively, a motion to extend the deadline for deposing Stubblefield.

On October 5, 1987 a hearing was held. On October 22, 1987 summary judgment in favor of Stubblefield was entered. The trial court held Gruenberg had "set forth no facts sufficient to defeat Plaintiff's motion for summary judgment."

## ISSUES

1. Did the trial court err in granting Stubblefield's motion for summary judgment?

2. By striking his affirmative defense, did the trial court violate Gruenberg's fifth amendment rights?

3. Did the trial court abuse its discretion by denying Gruenberg's motion to extend the time to depose Stubblefield?

## ANALYSIS

■ 1. On appeal from summary judgment it is the function of the appellate court to determine 1) whether any genuine issues of material fact exist, and 2) whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979). On review, the appellate court must view the evidence in the light most favorable to the one against whom summary judgment was granted. *Grondahl v. Bulluck*, 318 N.W. 2d 240, 242 (Minn.1982).

The facts establishing Gruenberg's indebtedness under the promissory note are undisputed. However, Gruenberg asserts Stubblefield fraudulently induced him to execute the note. Gruenberg argues fraud in the inducement is a material fact issue which should be determined by a jury trial. In addition, Gruenberg argues the trial court erred in its application of the law as Stubblefield did not discharge his burden of proof on summary judgment.

Ordinarily, the affirmative defense of fraud in the inducement is a fact question. Minn.R.Civ.P. 9.02 requires in all averments of fraud the circumstances shall be stated with particularity. While Rule 9.02 does not specify what constitutes sufficient particularity, the Minnesota Supreme Court has held that all of the elements of a fraud cause of action must be pleaded. *Seafirst Commercial Corp. v. Speakman*, 384 N.W.2d 895, 899 (Minn.Ct.App.1986) (citing *Alho v. Sterling*, 266 Minn. 71, 122 N.W.2d 869 (1963)).

Gruenberg's affirmative defense was not pleaded with particularity. Paragraph 3 of Gruenberg's answer merely recites the elements of fraud. It states no facts to support the allegation. General allegations of fraud are insufficient to meet the requirements of Rule 9.02. *See, e.g., Westgor v. Grimm*, 318 N.W.2d 56, 58 (Minn.1982)

(record could not sustain action for fraud as claim not stated with particularity); *Seafirst,* 384 N.W.2d at 899 (fraud element of damages not pleaded with sufficient particularity); *Juster Steel v. Carlson Companies,* 366 N.W.2d 616, 619 (Minn.Ct.App. 1985) (fraud element of false representation inducing reliance not pleaded with particularity where complaint only vaguely refers to the content of the misrepresentations). Therefore, the trial court did not err in ruling that Gruenberg's affirmative defense was not pleaded with particularity and that Gruenberg had set forth no facts to defeat Stubblefield's motion for summary judgment.

Gruenberg's argument that because Stubblefield did not submit an affidavit denying he committed fraud he is not entitled to summary judgment is raised for the first time on appeal. This court will not decide issues which are raised for the first time on appeal. *Vandeputte v. Soderholm,* 298 Minn. 505, 510, 216 N.W.2d 144, 148 (Minn. 1974).

No genuine issues of fact exist in this case and the trial court's application of the law was correct. Therefore, we find the trial court did not err in granting Stubblefield's motion for summary judgment.

2. Gruenberg contends the trial court penalized him for invoking his privilege against self-incrimination by striking his affirmative defense. Gruenberg argues the grant of summary judgment against him for invoking this privilege violated the Constitution and was not in accordance with the purposes and policy of the Minnesota discovery rules.

■ The trial court did not strike Gruenberg's affirmative defense because of his invocation of his fifth amendment rights. The trial court struck the defense because Gruenberg did not plead fraud with particularity. Gruenberg's affirmative defense failed on the pleadings. As the trial court stated:

> While the Fifth Amendment of the United States Constitution may shield Defendant from self incrimination, it cannot protect him from civil liability on a promissory note which Defendant admits

he executed * * * *and as to which defendant has asserted no valid defense.* (Emphasis added.) The trial court merely recognized that Gruenberg had failed to meet his burden on summary judgment. This clearly was not error. *See, e.g., General Dynamics Corp. v. Selb Manufacturing Co.,* 481 F.2d 1204, 1213 (8th Cir.1973), *cert. denied,* 414 U.S. 1162, 94 S.Ct. 926, 39 L.Ed.2d 116 (1974) (right to assert privilege does not free claimant of responsibility to respond in pretrial discovery when information sought bears upon claimant's own counterclaim and affirmative defenses).

■ In addition, in civil cases the right to plead the fifth amendment is not absolute. *Parker v. Hennepin County District Court, Fourth Judicial District,* 285 N.W.2d 81, 83 (Minn.1979). Because of the involuntary nature of a defendant's participation in a civil lawsuit and the appearance of compulsion special consideration is given to the invocation of the fifth amendment by a civil defendant. *Id.* However, as the court in *Parker* reasoned:

> Nevertheless, courts have been able to safeguard the constitutional foundation of the privilege "without permitting the civil defendant to gain an unfair advantage—especially since, in private civil litigation, the plaintiff's only source of evidence is frequently the defendant himself, * * *." Thus, in some situations where a civil defendant has refused to answer on Fifth Amendment grounds, courts have struck his pleadings, counterclaims or affirmative defenses [and] entered judgment against him * * *.

*Id.* (citations omitted).

Therefore, even if the trial court had struck Gruenberg's affirmative defense because of Gruenberg's invocation of his fifth amendment rights, we find it did not violate his constitutional rights.

> Such sanctions do not punish a defendant for his assertion of the privilege, but for his failure to answer as he typically would have under normal circumstances.

*Id.*

■ 3. Gruenberg argues summary judgment was premature because Stubble-

field's deposition had not been taken and discovery was incomplete. Gruenberg asserts the trial court ignored his properly submitted affidavits which could have been used as a Rule 56.06 motion for continuance.

Minn.R.Civ.P. 56.06 provides:

Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present, by affidavit, facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Sufficient time for discovery is especially important when the relative facts are exclusively in the control of the opposing party. *Rice v. Perl*, 320 N.W.2d 407, 412 (Minn.1982) (citing 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2741 at 733–734 (1973)). The majority of continuances granted under this rule involve cases in which one party has exclusive knowledge of relevant facts. *Id.*

In *Bixler by Bixler v. J.C. Penney Co., Inc.*, 376 N.W.2d 209 (Minn.1985), the supreme court established a two-part test for determining whether to grant a motion for a continuance under Rule 56.06 when the party seeking more time is doing so because of insufficient time to conduct discovery. The court in *Bixler* reasoned:

In deciding whether a continuance should be granted to allow more time for discovery, a court should focus on two issues: first, whether the party seeking more time is acting from a good faith belief that material facts will be discovered, or is merely engaged in a "fishing expedition," and, second, whether the party has been diligent in seeking discovery prior to bringing the motion.

*Id.* at 217 (citing *Rice*, 320 N.W.2d at 412).

It appears that Gruenberg is on a "fishing expedition." Stubblefield's deposition cannot substantiate Gruenberg's affirmative defense when the particulars of that defense were not pleaded. We find it unlikely that there are relevant facts *exclu-*sively in Stubblefield's control to which Gruenberg was not privy.

In addition, Gruenberg fails the diligence inquiry of the *Bixler* test. First, Gruenberg did not make himself available for deposition until September 11, 1987, the last day permitted under the trial court's discovery order. By waiting until the last day he left himself only 30 days in which to depose Stubblefield. Due to the apparent hostility between these parties, Gruenberg could not count on Stubblefield being cooperative. The trial court merely ordered that Stubblefield be deposed by October 11, 1987, not that he comply with the exact date chosen by Gruenberg.

Second, Gruenberg made no effort to reschedule Stubblefield's deposition. Stubblefield gave Gruenberg alternative dates. Gruenberg's attorney stated he could not depose Stubblefield on those dates because he was busy on September 23, Rosh Hashanah was on September 24 and 25, and he had an out-of-town trial during the week of October 5. However, at that time there were two other attorneys in the firm. Either of these attorneys could have deposed Stubblefield prior to the summary judgment motion. In addition, while Stubblefield did initiate the summary judgment motion on September 22, by the date of the hearing on October 5, he had received no notice of taking deposition. Given these circumstances, we find Gruenberg was unreasonably dilatory in seeking the necessary discovery.

As Gruenberg did not meet the *Bixler* standard for granting a continuance under Minn.R.Civ.P. 56.06, we find the trial court did not abuse its discretion in denying Gruenberg's motion to extend the time in which to depose Stubblefield.

## DECISION

Affirmed.