IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
August 30, 2000 Session

## TERRY TEDDER AND MAURICE TEDDER v. UNION PLANTERS CORPORATION d/b/a UNION PLANTERS BANK

**An Appeal from the Circuit Court for Shelby County**
**No. 97948 T.D.     James F. Russell, Judge**

---

**No. W1999-01971-COA-R3-CV - Filed May 29, 2001**

---

The plaintiff worked for a temporary employment agency and was assigned to work for a bank. The plaintiff fell in the bank parking lot as she was reporting to work.  She filed a negligence lawsuit against the bank for her injuries.  The trial court granted the bank's motion for summary judgment on the basis that the plaintiff was a co-employee of the bank under the loaned servant doctrine; therefore,  the suit was precluded under the workers' compensation statute.  The plaintiff appeals. We affirm, finding that the plaintiff was a co-employee of the bank under the loaned servant doctrine.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

HOLLY KIRBY LILLARD, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S. and DAVID R. FARMER, J., joined.

Donald A. Donati and William B. Ryan, Memphis, Tennessee, for the appellants Terry Tedder and Maurice Tedder.

Carol A. M. Hayden, Memphis, Tennessee, for the appellee Union Planters Corporation d/b/a Union Planters Bank.

### OPINION

Plaintiff/Appellant Terry Tedder ("Tedder") worked full-time for Defendant/Appellee Union Planters Corporation ("Union Planters") from 1977 until she took early retirement in 1994. In 1995, Tedder began working for Norrell Services, Inc. ("Norrell"), a temporary employment agency, and was assigned to work at Union Planters.  She continued to work there until she was  injured on January 20, 1998.  On that date, Tedder was exiting her car in the Union Planters parking lot to report to work at Union Planters, when she slipped and fell on an icy patch in the parking lot.

Under the terms of the personal service agreement between Norrell and Union Planters, Norrell agreed to "maintain at its expense . . .Workers' Compensation and Employer's Liability Insurance." The agreement stated that persons whom Norrell assigned to provide services to Union Planters were Norrell employees and that Norrell retained the power to "recruit, interview, test, select, hire, and train" them. The agreement included an indemnification clause in which Norrell agreed to indemnify Union Planters for any tort liability caused by Norrell employees, but not for liability caused by Union Planters employees.

In November 1998, Tedder and her husband, Maurice Tedder, filed a complaint against Union Planters, alleging negligence and a loss of consortium.[1] In its answer, Union Planters asserted that Tedder was an employee of Union Planters and that, under the loaned servant doctrine, her exclusive remedy was under the Tennessee Workers' Compensation Law, Tennessee Code Annotated § 50-6-101 *et seq.* Union Planters later filed a motion for summary judgment asserting that Tedder's claim was barred under the workers' compensation statutes. The trial court granted Union Planters's summary judgment motion. From this order, Tedder now appeals.

Since only questions of law are involved, there is no presumption of correctness regarding the trial court's grant of summary judgment. *See Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995). Therefore, our review of the trial court's grant of summary judgment is *de novo* on the record before this Court. *See id.*

Under the loaned servant doctrine, a temporary or special worker becomes a co-employee of a special employer for the purposes of the workers' compensation statutes if:

> (a) [t]he employee has made a contract of hire, express or implied, with the special employer;
>
> (b) [t]he work being done is essentially that of the special employer; and
>
> (c) [t]he special employer has the right to control the details of the work.

*See Winchester v. Seay*, 409 S.W.2d 378, 381 (Tenn. 1966).

On appeal, Tedder argues that she had neither an express nor an implied contract with Union Planters. However, when a temporary worker accepts employment with a temporary agency such as Norrell, she necessarily consents to work for the clients of the agency. Thus, by entering into an employment agreement with Norrell, Tedder entered into an implied contract with a special employer such as Union Planters. *See Bennett v. Mid-South Terminals Corp.*, 660 S.W.2d 799, 801 (Tenn. Ct. App. 1983) (quoting *Daneck v. Meldrum Mfg. & Eng'g Co.*, 252 N.W.2d 252, 255 (Minn. 1977)).

---

[1] Tedder settled a workers' compensation claim against Norrell prior to filing suit against Union Planters.

Tedder also argues that, at the time of her injury, she had not yet reported to work and therefore was not performing work for Union Planters "at the time of her injury." Therefore, she argues that at the time of her injury Union Planters did not have the right to control the details of her work. She asserts that she was advancing the interests of Norrell by reporting to her assignment. Yet, at the time of her injury, Tedder was on Union Planters's premises, reporting to work as part of the duties of her employment at Union Planters. It is clear that Union Planters controlled the details of her employment. Union Planters, not Norrell, decided the type of work Tedder performed, as well as when and where she performed it. Under these circumstances, we must conclude that Tedder was a co-employee of Union Planters under the loaned servant doctrine and that her exclusive remedy against Union Planters was under the workers' compensation statutes. Consequently, we find that the trial court did not err in granting summary judgment to Union Planters.

The decision of the trial court is affirmed. Costs are taxed to the appellants, Terry Tedder, Maurice Tedder, and their surety, for which execution may issue if necessary.

_____
HOLLY K. LILLARD, JUDGE