### WILHELMINE VETTER v. HANS O. SANDBO.[1]

March 17, 1911.

Nos. 16,927—(77).

**Complaint — evidence.**

> The complaint states a cause of action for money had and received, and the evidence conclusively sustains the complaint.

Action in the district court for Swift county to recover $89.80. The facts are stated in the opinion. The case was tried before Qvale, J., who directed a verdict in favor of plaintiff for the amount demanded. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, he appealed. Affirmed.

*Davis & Michel* and *John I. Davis,* for appellant.

*T. Hansen* and *E. L. Thornton,* for respondent.

[1] Reported in 130 N. W. 450.

LEWIS, J.

The complaint states that plaintiff was the owner of two hundred acres of land, which he sold to defendant on March 11, 1908; that a township ditch tax of $89.80 was charged against the land at that time under chapter 191, Laws 1907; that it was agreed that plaintiff pay the ditch tax, and that the amount be deducted from the consideration to be paid by defendant for the land; that the defendant did deduct the amount and paid the tax, but wrongfully paid it in his own name; that the tax was afterwards declared unconstitutional by the supreme court; that defendant then applied for and received the refundment, appropriated it to his own use, and refuses to pay it over. The answer was a general denial. At the close of the case the trial court directed a verdict for the plaintiff for the full amount.

1. The complaint states a cause of action for money had and received. If the facts stated were true, then it was plaintiff's money which was paid by defendant to discharge the lien; and it was her money which defendant received from the county.

2. The contract of sale was in writing. The consideration was $6,850, to be paid as follows: "$100 cash and the balance on or before March 20, 1908, subject to incumbrances on the above lands, and to all taxes or assessments that may hereafter be levied or assessed upon said premises subject or subsequent to 1907 taxes, which the first party." The contract was written by defendant, who was in the real estate business, and, although the part quoted is somewhat indefinite and incomplete, the meaning is plain. The purchase price was $6,850, subject to all incumbrances, liens and taxes; that is, plaintiff was required to convey the premises free from all liens.

At the trial plaintiff testified that defendant agreed to pay off the incumbrances and taxes and pay her the balance, and that he did so. Defendant claims that he had assumed the incumbrances by the contract of purchase, that the plaintiff had agreed to take difference between the amount of the purchase price and the incumbrances and liens, and that the money paid over to the county to discharge the ditch assessment was his money, and not plaintiff's. This position finds no support whatsoever in the evidence. The contract is to

the contrary, and the receipt given by the county treasurer at the time the ditch assessment was made shows the contrary. It reads: "Received of Wilhelmine Vetter, by H. O. Sandbo  *  *  * " This makes a clear case of money of plaintiff had and received by defendant.

Affirmed.