## JENNISON BROTHERS & COMPANY v. R. M. DIXON.[1]

June 16, 1916.

Nos. 19,658—(67).

**Carrier — recovery of overcharge — right of action.**

> As between the seller and the purchaser of commodities transported to destination by a common carrier, overcharges for such transportation refunded by the carrier belong to the one who had borne the expense of such transportation. In the instant case plaintiff had borne such expense and is entitled to the amount refunded by the railway company.

Action in the district court for Waseca county against the Chicago & Northwestern Railway Company and R. M. Dixon to recover $292.65. The facts are stated in the opinion. The case was tried before Childress, J., who made findings and dismissed the action as to defendant Dixon. From an order denying its motion for a new trial, plaintiff appealed. Reversed.

*Moonan & Moonan,* for appellant.

*Webber & Lees,* for respondent Dixon.

TAYLOR, C.

This is in substance an action against defendant Dixon for money had and received. The controlling facts are undisputed. Defendant Dixon, who will be referred to hereafter as defendant, is a merchant at St. Charles, Minnesota, and plaintiff operates a flour and feed mill at Janesville, Minnesota. At various times between September, 1907, and June,

[1]Reported in 158 N. W. 398.

---

Note.—For cases on the question of recovery back of excessive payments or overcharges for transportation of freight, to public service corporation, see note in 18 L.R.A.(N.S.) 124.

1913, defendant bought flour and feed from plaintiff in carload lots to be delivered by plaintiff at St. Charles for an agreed price per barrel for flour and per ton for feed. As each lot was ordered, plaintiff shipped it to St. Charles by rail and sent defendant an invoice therefor in which he was charged with the agreed purchase price and was credited thereon with the amount of the freight. Defendant paid the freight to the railway company and remitted the balance of the purchase price to plaintiff. Afterwards it developed that the freight rates charged and collected by the railway company for such shipments were in excess of the legal rates therefor, and defendant presented a claim to the railway company for such excess and the company refunded it to him. Plaintiff brought this action to recover from defendant the money so refunded. The trial court directed a judgment for defendant, and plaintiff appealed from an order denying a new trial.

The question presented is whether the excess freight charges refunded by the railway company belong to plaintiff or defendant.

If defendant had contracted for the flour and feed at an agreed price at Janesville, and had assumed the burden of paying for its transportation from Janesville to St. Charles in addition to such price, he would undoubtedly be entitled to the money refunded by the railway company; but he contracted to pay the agreed price for the flour when delivered at St. Charles, and plaintiff, as a part of its contract, assumed the trouble and expense of having it transported from Janesville to St. Charles. Whether the freight was much or little, the obligation rested upon plaintiff to pay it. If the freight had been more than had been anticipated, plaintiff could not have collected the excess above the anticipated amount from defendant. Plaintiff had agreed to deliver the property at St. Charles for the stipulated price, and under its contract would have been required to stand any unexpected increase in the expense of making such delivery and was entitled to the benefit of any unexpected decrease in such expense. As between the seller and the purchaser of commodities transported to destination by a common carrier, overcharges for such transportation refunded by the carrier belong to the one who had borne the expense of such transportation. State v. Central Vermont Ry. Co. 81 Vt. 459, 71 Atl. 193, 21 L.R.A. (N.S.) 949; Vetter v. Sandbo, 114 Minn. 144, 130 N. W. 450.

Plaintiff had borne the expense of the transportation in question and is entitled to the amount refunded by the railway company.

Order reversed.