## LOUIS M. KLASS AND ANOTHER, COPARTNERS d.b.a. METROPOLITAN PARKING LOT, v. TWIN CITY FEDERAL SAVINGS AND LOAN ASSOCIATION.

190 N. W. (2d) 493.

August 13, 1971—No. 42096.

*Mackall, Crounse, Moore, Helmey & Holmes* and *Connor F. Schmid,* for appellant.

*Altman, Geraghty, Leonard & Mulally* and *Judd S. Mulally,* for respondents.

OTIS, JUSTICE.

The question raised by this appeal is whether a lessor is entitled to retain that part of an award in a condemnation proceeding which was intended to reimburse the owner for real estate taxes paid by the tenant pursuant to the provisions of the lease. The trial court held that the tenant was entitled to recover the amount of the tax from the lessor, and we affirm.

In 1957, the parties entered a lease which provided that the tenant was to pay the lessor a specified sum, plus a monthly amount described as follows:

"Tenant agrees to pay to Lessor as additional rent for said premises on the first day of each and every month during the term of this lease, one-twelfth of the total real estate taxes and installments of special assessments levied on said premises, payable during the calendar year of which each particular month is a part, * * *."

On November 23, 1965, the Housing and Redevelopment Authority of St. Paul filed a petition to condemn the property. A stipulation as to value was thereafter reached in September 1966. Although plaintiff tenant had notice of the proceedings it took no part in the negotiations. The Housing Authority and defendant owner agreed to an award of $837,470.34, of which $27,470.34 represented real estate taxes paid by defendant in 1966. The parties have stipulated that the tenant paid the lessor $7,835.04 as its part of the taxes due in 1966, in addition to the base rental.

Minn. St. 1969, § 117.12, provided as follows:

"All taxes and assessments imposed upon the property after the filing of the petition and paid by the owner before payment of the award shall be added to the amount of such award, and with interest thereon shall be paid therewith; and the receipt

of the proper officer for such taxes and assessments shall be conclusive, as between the owner and the petitioner, of the amount and validity thereof."

The question is whether, on principles of unjust enrichment or money had and received, part of the amount which the Housing Authority has awarded the owner for the taxes in question rightfully belongs to the tenant who had already paid that sum to the lessor according to the terms of the lease.

The trial court held that the practical effect of § 117.12 was to abate the real estate tax payable in 1966. The court reasoned that although the lease described the taxes "as additional rent," the obvious intention of the parties was that the tenant would simply pay whatever taxes were due in addition to a fixed amount. Since, as a practical matter, no taxes were payable in 1966, the court concluded that the tenant who provided the fund was entitled to the repayment rather than the lessor who received the money from the tenant and paid the tax in its own name.

The thrust of the lessor's argument is that the tenant has lost its right to compensation by not appealing from the award which was made to the lessor and which excluded the tenant; that the tenant by the terms of the lease was paying only rent, and the lessor was the one who paid the taxes; that the owner had reached a settlement with the Housing Authority based on negotiations which contemplated that the lessor would receive back for its own use the 1966 taxes; that this was not, in fact, a refund of taxes since the Housing Authority and not the taxing authorities provided the money; and, finally, that the lease itself precluded the tenant from sharing in any condemnation award by the following language:

"It is mutually agreed that if the entire demised premises shall be taken for any public use, then this lease shall terminate and all payments made or claims resulting from such taking shall belong solely and entirely to the Lessor, and the Tenant shall have no interest therein, and in that event the liability of Tenant under this lease shall terminate."

We agree with the trial court that taking the lease by its four corners it is obvious the parties intended that the tenant assume the taxes only if taxes were due. We do not regard as decisive the provisions of the lease which exclude the tenant from sharing in the condemnation award. Nor is it a fatal impediment that the tenant did not take part in the condemnation proceedings. It is likewise hypertechnical to argue that the amount paid by the Housing Authority lost its character as a tax simply because it did not emanate from the same source to which the tax was originally paid.

The cases dealing with unjust enrichment or money had and received support recovery in this situation. Very broadly defined, the cause of action was described by Mr. Justice Mitchell in Brand v. Williams, 29 Minn. 238, 239, 13 N. W. 42, as one which "can be maintained whenever one man has received or obtained the possession of the money of another, which he ought in equity and good conscience to pay over." To the same effect are Heywood v. Northern Assur. Co. 133 Minn. 360, 363, 158 N. W. 632, 633; Seastrand v. D. A. Foley & Co. 144 Minn. 239, 243, 175 N. W. 117, 119; Restatement, Restitution, § 1.

Lessor cites Cady v. Bush, 283 Minn. 105, 166 N. W. (2d) 358, as authority for the proposition that there can be no recovery on the principle of unjust enrichment without a showing of fraud or mistake. We do not so construe the Cady decision. We there simply noted that the particular transaction was free from fraud or mistake and denied recovery where the claim was based on plaintiff's entering a bad bargain. However, that opinion also noted that a cause of action for unjust enrichment may be based on "situations where it would be morally wrong for one party to enrich himself at the expense of another." 283 Minn. 110, 166 N. W. (2d) 361.

A case more nearly in point is Vetter v. Sandbo, 114 Minn. 144, 130 N. W. 450. There, the vendor of real estate deducted from the gross purchase price the amount of a ditch tax which the purchaser then paid in his own name. When the tax was held

unconstitutional, the purchaser received a reimbursement from the township. The vendor thereupon sued and recovered the amount of the tax which she had deducted from the purchase price. We held this was a clear case of money had and received. There, as here, it was ultimately determined that neither party was liable for the tax, and there, as here, the person who originally received the refund was not the one who provided the money but simply the one who paid the amount furnished by the other party. In both cases the party that actually bore the expense eventually received the refund. We hold that the principles adopted in the Vetter case govern our decision, and the judgment of the trial court is accordingly affirmed.

Affirmed.