ACTON CONSTRUCTION
COMPANY, Respondent,

v.

STATE of Minnesota, Appellant.

No. CX–85–1854.

Court of Appeals of Minnesota.

March 18, 1986.

Review Denied May 22, 1986.

David B. Sand, Minneapolis, for respondent.

Hubert H. Humphrey, III, Atty. Gen., Sherry A. Enzler, Sp. Asst. Atty. Gen., R. Clark Deveau, St. Paul, for appellant.

Heard, considered and decided by CRIPPEN, P.J., and WOZNIAK and SEDGWICK, JJ.

## OPINION

WOZNIAK, Judge.

Acton Construction Company sued the State of Minnesota, seeking recovery of $26,694.68 in additional expenses under a contract for construction of a bridge. The trial court ordered that Acton could not recover additional expenses because there had been an accord and satisfaction. Judgment was entered in favor of the State on June 7, 1984. Acton appealed.

This court reversed on the issue of accord and satisfaction. *Acton Construction Co. v. State*, 363 N.W.2d 130 (Minn.Ct. App.1985).

On remand, the trial court found that Acton acquired implicit authority to incur additional expenses because the State failed to respond to Acton's notice of probable additional expenses. Judgment was entered for $26,694.68, plus interest, on July 9, 1985.

The State moved for amended findings. That motion was denied, except that prejudgment interest was recalculated. The State appeals. We affirm.

## FACTS

This is the second appeal in an action brought by Acton Construction Co. for additional costs it incurred while building a bridge under contract with the State of Minnesota in 1978 and 1979. The facts of this case can be found at *Acton Construction Co. v. State*, 363 N.W.2d 130 (Minn.Ct. App.1985).

On remand, the trial court awarded Acton $26,694.68, plus interest. The trial court stated:

> It appeared to me that Plaintiff was caught between an unforeseen cement shortage, on one hand, and a threat of $2,000 a day liquidated damages, on the other. Plaintiff repeatedly requested guidance from Defendant as to how to proceed in light of the situation, which neither party had contemplated when the agreement was entered into. For whatever reasons, Defendant did not respond to the Plaintiff's requests for guidance. I concluded, as more fully set out in my Order of June 24, 1985, that on the facts of the case Plaintiff acquired implicit authority to incur additional expenses and to obtain reimbursement for them from Defendant.

## ISSUES

1. Did the trial court err in granting Acton additional expenses incurred in completing the bridge?

2. Did the trial court err in awarding prejudgment interest?

## ANALYSIS

■ 1. The trial court concluded that, due to the State's refusal to provide guidance regarding the cement shortage, Acton acquired implicit authority to incur reasonable additional expenses. The question is whether this conclusion was erroneous.

The trial court correctly concluded that Acton should be reimbursed, but we believe the appropriate theory to apply is quasi contract.

A quasi contract is not a contract at all in the legal sense. It is an obligation raised or imposed by law and is independent of any real or expressed intent of the parties. The right to recover is governed by principles of equity. *Roske v. Ilykanyics*, 232 Minn. 383, 389, 45 N.W.2d 769, 774 (1951); *Mjolsness v. Mjolsness*, 363 N.W.2d 839, 842 (Minn.Ct.App.1985).

> The essential elements of quasi contract are a benefit conferred upon the defendant by the plaintiff, appreciation by the defendant of such benefit, and acceptance and retention by the defendant of such benefit under such circumstances that it would be inequitable for him to retain it without paying the value thereof.

66 Am.Jur.2d *Restitution and Implied Contracts* § 4 (1973) (footnotes omitted).

Truly, Acton was between the cement and a hard place. As the trial court correctly noted:

> It appeared to me that Plaintiff was caught between an unforeseen cement shortage, on one hand, and a threat of $2,000 a day liquidated damages, on the other.

It is clear that the cement shortage was unforeseen and severe.

It is also clear that Acton repeatedly requested guidance from the State and none was forthcoming. The completion date was nearing with the threat of a $2,000 per day penalty for nonperformance within the contract time limitations. The State chose to remain silent, and Acton was forced to pay premium prices for the cement and perform additional work not reasonably anticipated in the bid.

The trial court properly awarded Acton the additional costs incurred.

■ 2. A plaintiff is entitled to prejudgment interest on a final judgment where the damages claim is liquidated or where the damages are readily ascertain-

able by computation or reference to generally recognized standards such as market value. It is not available where the amount of damages depends upon contingencies or upon jury discretion, as in actions for personal injury or injury to reputation. *Summit Court, Inc. v. Northern States Power Co.*, 354 N.W.2d 13, 16 (Minn. 1984).

The court did not err in its award of prejudgment interest. There was a certain amount claimed from the beginning of the action. Thus, this is a case in which an award of prejudgment interest is appropriate.

### DECISION

We affirm the decision of the trial court. .