**Daniel Lee SCHUMACHER, Appellant,**

v.

**Lee Krone SCHUMACHER,
et al., Respondents.**

No. C7–00–2039.

Court of Appeals of Minnesota.

June 5, 2001.

Glen A. Norton, Ross & Norton, PLLP, Chaska, MN, (for appellant).

Gerald J. Morris, Johnson & Morris, LLP, Silver Bay, MN, (for respondents).

Considered and decided by WILLIS, Presiding Judge, HALBROOKS, and HANSON, Judges.

## OPINION

HANSON, Judge

Appellant managed a bar and restaurant owned by respondents, who were his par-

ents. When respondents began the process to sell the business, he sued, contending that they had orally agreed to give him lifetime employment and to convey the business and related real estate to him upon the first parent's death. The district court granted summary judgment for respondents, dismissing the breach-of-contract claims under the statute of frauds; dismissing the claim for unjust enrichment as being inadequately pleaded; and dismissing the promissory estoppel claim without specific explanation. The district court also denied appellant's motion to amend his complaint to add a claim for fraud. We affirm in part, reverse in part, and remand.

## FACTS

In 1994, appellant Daniel Schumacher, his wife and their two daughters, moved to Finland, Minnesota, to operate a restaurant and bar business called the Trestle Inn. The Inn was owned by his parents, respondents Lee and Juanita Schumacher. Appellant claims that respondents induced him to leave his previous job and to make the move by agreeing to provide him a job managing the Inn for life and to leave the business and a large parcel of land to him when the first respondent dies. Appellant asked for that agreement in writing, but respondents refused.

Appellant was given free rein to manage the Inn, hire and fire staff and pay all expenses. He was not paid a salary or wage, but was allowed to retain all profits of the business as his compensation. While operating the Inn, appellant used his own funds to build a home for his family on respondents' land, install a well, purchase equipment for the business and develop various marketing tools to expand the business.

In the fall of 1998, appellant suspected that respondents were planning to sell the Inn and the adjoining property. Appellant sued for a restraining order to prevent the sale of the Inn and the termination of his employment, or in the alternative, an award of damages for the value of the services he rendered to the Inn during the course of his employment. Appellant's complaint set forth the general facts without specifically identifying the legal theories for relief. He now suggests that he intended to assert claims for (1) breach of an agreement to provide lifetime employment; (2) breach of an agreement to make a will; (3) promissory estoppel; and (4) unjust enrichment.

On October 28, 1998, respondents notified appellant in writing that his employment at the Inn and his tenancy at will for the related property were terminated. Respondents then moved for summary judgment. The district court granted summary judgment, determining that the statute of frauds barred both breach-of-contract claims, the unjust-enrichment claim had "not been specifically pled" and all "other issues" raised in the complaint should likewise be dismissed. Appellant moved to amend the complaint to include claims of fraud, intentional infliction of emotional distress and unilateral contract. The district court denied appellant's motion to amend. This appeal followed.

## ISSUES

1. Did the district court err in granting summary judgment on appellant's claims for promissory estoppel and unjust enrichment?

2. Did the district court abuse its discretion in denying appellant's motion to amend his complaint to include a claim of fraud?

## ANALYSIS

### I.

■ On appeal from summary judgment, this court determines (1) whether

there are any genuine issues of material fact and (2) whether the district court erred in its application of the law. *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990); *see also* Minn. R. Civ. P. 56.03.

At oral argument, appellant urged that his contract claims should survive summary judgment. However, he did not argue these claims in his brief. Thus, appellant has waived any challenge to the district court order insofar as it determined that the contract claims were barred by the statute of frauds. *See Melina v. Chaplin,* 327 N.W.2d 19, 20 (Minn. 1982) (stating that issues not briefed on appeal are waived).

*Promissory Estoppel*

■ Appellant contends that the district court did not address his claim for promissory estoppel. The court, in its sparsely worded order, did include the following conclusion:

> To the extent that the parties raised other issues at the proceedings and in their pleadings, the Order granting summary judgment and denying leave to amend is and ought to be construed to deny any other relief sought by either party.

Thus, though no legal reasoning is given, it appears that the district court intended to dismiss all claims raised by appellant, including promissory estoppel.

■ Appellant alleges that respondents made two promises: (1) that respondents would employ appellant for life and (2) that respondents would convey the property to appellant when the first respondent dies. Whether these allegations support a claim for promissory estoppel requires a three-step analysis: (1) was a clear and definite promise made to the promisee; (2) did the promisor intend to induce reliance and did the promisee in fact rely on that promise to his or her detriment, and (3) must the promise be enforced to prevent injustice? *Cohen v. Cowles Media Co.,* 479 N.W.2d 387, 391 (Minn.1992); *See also Martens v. Minn. Mining & Mfg. Co.,* 616 N.W.2d 732, 746 (Minn.2000) (noting that Supreme Court has also described the first element of promissory estoppel as requiring the promisor to reasonably expect to induce action of forbearance, but that the variations in the descriptions of the elements of promissory estoppel "do not differ in meaning").

In this connection, we note an apparent inconsistency in Minnesota decisions on whether promissory estoppel can apply where there is an actual agreement, albeit an unenforceable one by reason of the statute of frauds. Thus, in *Del Hayes & Sons, Inc. v. Mitchell,* 304 Minn. 275, 285, 230 N.W.2d 588, 594 (1975), the court held that promissory estoppel was not available because an actual contract was shown, but was unenforceable under the statute of frauds. Conversely, the court has sometimes stated that "[a]n agreement may be taken outside the statute of frauds by equitable or promissory estoppel." *Norwest Bank v. Midwestern Mach. Co.,* 481 N.W.2d 875, 880 (Minn.App.1992) (citing *Berg v. Carlstrom,* 347 N.W.2d 809, 812 (Minn.1984)).

We need not resolve that apparent inconsistency, however, because there are no decisions in Minnesota that have allowed a claim of promissory estoppel to over-ride the statute of frauds in the context of either a promise of lifetime employment or a promise to make a will. *See, e.g., Aberman v. Malden Mills Indus., Inc.,* 414 N.W.2d 769, 771 (Minn.App.1987) (absent an additional express or implied stipulation of the duration of employment, the terms "permanent employment," "life employment," or "as long as the employee chooses" create only an at-will employment.);

*Olesen v. Manty,* 438 N.W.2d 404 (Minn. App.1989) (proof of an oral promise to make a will, even when supported by part performance, cannot be used to avoid the statute of frauds, which provides that a "contract to make a will * * * can be established *only* by [specified writings]." (emphasis added)). Accordingly, we affirm the district court's summary judgment dismissing appellant's promissory-estoppel claim.

*Unjust Enrichment*

■ Appellant argues that the district court erred in granting summary judgment on his claim of unjust enrichment. In its order, the district court addressed this theory of relief as follows:

> While there is some suggestion, at least impliedly, that [appellant] may in addition or alternatively be seeking damages on the basis of an unjust enrichment theory, such has not been specifically pled and such is not specifically before the Court.

The district court erred in requiring appellant to plead unjust enrichment with greater specificity. There is no such requirement in the rules. *See* Minn. R. Civ. P. 8.05 ("Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required."). Appellant's complaint alleged that he detrimentally relied on respondents' promises and requested that he be awarded the "reasonable value for his goods and services rendered * * *." While the complaint does not use the words "unjust enrichment," it is clear that appellant was seeking equitable relief. As a result, we will review the merits of appellant's unjust-enrichment claim to determine whether there is sufficient evidence to create a genuine issue of material fact.

■ In order to establish a claim for unjust enrichment, the claimant must show that another party knowingly received something of value to which he was not entitled, and that the circumstances are such that it would be unjust for that person to retain the benefit. *ServiceMaster of St. Cloud v. GAB Bus. Servs., Inc.,* 544 N.W.2d 302, 306 (Minn.1996); *see also, Acton Constr. Co. v. State,* 383 N.W.2d 416, 417 (Minn.App.1986) (The elements of a quasi contract are: (1) a benefit is conferred; (2) the defendant appreciates and knowingly accepts the benefit; (3) the defendant's retention of the benefit under the circumstances would be inequitable.).

Appellant alleges that respondents induced him to invest more than $350,000 in respondents' business and land, by building a home on the property, installing a well and other improvements on the property and investing in marketing tools to expand and improve the business of the Inn. Respondents do not dispute that some benefit was conferred on them through appellant's actions. However, respondents argue that they were not unjustly enriched.

■ An action for unjust enrichment does not lie simply because one party benefits from the efforts of others; instead, "it must be shown that a party was unjustly enriched in the sense that the term 'unjustly' could mean illegally or unlawfully." *First Nat'l Bank of St. Paul v. Ramier,* 311 N.W.2d 502, 504 (Minn.1981) (citation omitted). While respondents argue that their conduct has not been shown to be illegal, the cause of action for unjust enrichment has been extended to also apply where, as here, the defendants' conduct in retaining the benefit is morally wrong. *See Klass v. Twin City Fed. Sav. and Loan Ass'n,* 291 Minn. 68, 71, 190 N.W.2d 493, 495 (1971); *Anderson v. DeLisle,* 352 N.W.2d 794, 796 (Minn.App.1984) (unjust enrichment shown where conduct was similar in nature to fraud); *Southtown*

*Plumbing, Inc. v. Har–Ned Lumber Co., Inc.*, 493 N.W.2d 137, 140 (Minn.App.1992) (unjust enrichment may be shown by circumstances that would make it unjust to permit retention); *Park–Lake Car Wash, Inc. v. Springer*, 394 N.W.2d 505, 514 (Minn.App.1986) (unjust enrichment may be found absent fraud where a party's conduct has been "unconscionable by reason of a bad motive, or where the result induced by [that] conduct will be unconscionable either in the benefit to himself or the injury to others.") (quotation omitted).

Appellant has provided evidence that he made substantial improvements on respondents' land, that respondents knew of those improvements and either encouraged them or did nothing to discourage them and that respondents have benefited from them. This evidence is sufficient to create genuine issues of material fact for the jury. We reverse the summary judgment on this issue and remand for further proceedings consistent with this opinion. We express no opinion on the elements or amounts of appellant's claim for damages because these have not been addressed by the parties or the district court.

## II.

Appellant claims that the district court abused its discretion in denying his motion to amend his complaint to include a claim for fraud. The district court has discretion to decide whether to allow an amendment to the complaint, and its decision will not be reversed absent an abuse of discretion. *Utecht v. Shopko Dep't Store*, 324 N.W.2d 652, 654 (Minn.1982). A party may amend a pleading by leave of court, "and leave shall be freely given when justice so requires ." Minn. R. Civ. P. 15.01. "Nonetheless, an amendment to a complaint may properly be denied when the additional alleged claim cannot be maintained." *Hunt v. Univ. of Minn.*, 465 N.W.2d 88, 95 (Minn.App.1991).

The district court provided two reasons in support of its denial of appellant's motion to amend his complaint. First, the district court noted that appellant's fraud theory "is also based on a claimed breach of the agreements or contracts that the Court has determined to be unenforceable contracts." The court found that to allow a cause of action based on a breach of an unenforceable contract "would allow indirectly what is prohibited directly." Second, the district court denied appellant's motion to amend because he "failed to identify any actionable underlying circumstance which would give rise to a fraud claim."

Fraud claims must be stated with particularity. Minn. R. Civ. P. 9.02; *see also, Westgor v. Grimm*, 318 N.W.2d 56, 58 (Minn.1982); *Stubblefield v. Gruenberg*, 426 N.W.2d 912, 914–15 (Minn.App.1988). Appellant's proposed amended complaint merely recites the generic elements of fraud, without alleging particular misrepresentations or omissions. *See, e.g., Juster Steel v. Carlson Cos.*, 366 N.W.2d 616, 619 (Minn.App.1985) (affirming summary judgment for defendant where complaint alleging fraudulent misrepresentation "only vaguely [referred] to the content of the misrepresentations"). The district court's denial of appellant's motion to amend was not an abuse of discretion.

## DECISION

Because the claim of promissory estoppel does not avoid the statute of frauds to enforce an oral agreement to provide lifetime employment or an oral agreement to make a will, we affirm the district court's dismissal of appellant's promissory-estoppel claim. Because appellant's proposed amended complaint does not allege fraud with the required particularity, we affirm

the district court's denial of appellant's motion to amend. However, because appellant has presented sufficient evidence to establish genuine issues of material fact on his unjust-enrichment claim, we reverse the district court's dismissal of that claim and remand it for further proceedings.

**Affirmed in part, reversed in part, and remanded.**