*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2268**

Anita W. Sluck,
Respondent,

vs.

Terence E. Rapacz,
Appellant.

**Filed August 18, 2014
Reversed and remanded
Bjorkman, Judge**

Hennepin County District Court
File No. 27-CV-12-14348

Richard S. Eskola, Columbia Heights, Minnesota (for respondent)

Mary M.L. O'Brien, Kathleen M. Ghreichi, Meagher & Geer, P.L.L.P., Minneapolis, Minnesota (for appellant)

Considered and decided by Bjorkman, Presiding Judge; Rodenberg, Judge; and Toussaint, Judge.[*]

## U N P U B L I S H E D   O P I N I O N

**BJORKMAN**, Judge

Appellant challenges the judgment in favor of respondent on an unjust-enrichment claim. Because the district court failed to make findings necessary to a determination

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

that appellant was unjustly enriched by retaining funds respondent loaned to him and abused its discretion by concluding that appellant was unjustly enriched by not paying respondent interest on the loan, we reverse and remand.

## FACTS

Appellant Terrence Rapacz[1] is a veterinarian whose veterinary business has struggled financially since 2001. Rapacz invested "substantial amounts" of his own assets in the business and obtained a $1.5 million commercial loan, but these measures failed to cure the business's financial woes. Rapacz then approached respondent Anita Sluck and her husband John Sluck, longtime clients and personal friends, asking for funds. In February 2009, Rapacz asked the Slucks for a donation of $20,000 "to establish a fund for people who could not pay their veterinary bills in emergency situations." John Sluck agreed and wrote a check to Rapacz's business for the requested amount, which Rapacz used on general hospital and business expenses within one or two months. In October 2009, Rapacz again approached the Slucks for funds, explaining that his business was behind on real-estate taxes. This time, John Sluck agreed to loan Rapacz $60,000. And in March 2010, John Sluck agreed to loan Rapacz an additional $190,000. Rapacz offered to pay 5% interest on the loans, but Rapacz and the Slucks did not agree to a due

---

[1] Rapacz's brief indicates that he spells his first name "Terrence," contrary to the spelling in the case caption.

2

date or repayment plan, and did not memorialize the loans in any writing other than John Sluck's checks.[2]

Rapacz made several interest payments of $1,041.75 and one double payment in mid-2010, totaling $5,208.75. He has not made any payments since October 20, 2010. John Sluck died in early 2011. Shortly thereafter, counsel for Anita Sluck contacted Rapacz demanding repayment of the loans. Rapacz replied that he would repay them when he could afford to do so.

Anita Sluck commenced this action in June 2012, alleging breach of contract and unjust enrichment. After a bench trial, the district court concluded that there was not an enforceable contract between the parties but found that "it would be unjust for [Rapacz] to evade repayment" and ordered him to repay $250,000, plus 5% interest from November 1, 2010. Rapacz moved for additional findings or a new trial, which the district court denied. Rapacz appeals.

## DECISION

We review for abuse of discretion a district court's application of the equitable doctrine of unjust enrichment. *City of N. Oaks v. Sarpal*, 797 N.W.2d 18, 23 (Minn. 2011). A district court abuses its discretion when its decision is based on an erroneous view of the law or against the facts in the record. *Id.* But we will not disturb factual findings unless they are clearly erroneous. Minn. R. Civ. P. 52.01; *Rasmussen v. Two Harbors Fish Co.*, 832 N.W.2d 790, 797 (Minn. 2013).

---

[2] John Sluck wrote "loan to my good friend" on the memo line of the $60,000 check. On the $190,000 check, he wrote: "loan at 5% to Dr. Rapacz."

A claim for unjust enrichment requires more than a showing that the defendant benefited from another's efforts or obligations. *First Nat'l Bank of St. Paul v. Ramier*, 311 N.W.2d 502, 504 (Minn. 1981). The plaintiff must prove that (1) the plaintiff conferred a benefit on the defendant; (2) the defendant accepted the benefit; and (3) the defendant unjustly or inequitably retained the benefit. *Zinter v. Univ. of Minn.*, 799 N.W.2d 243, 247 (Minn. App. 2011). It is inequitable to retain a benefit "illegally or unlawfully," *ServiceMaster of St. Cloud v. GAB Bus. Servs., Inc.*, 544 N.W.2d 302, 306 (Minn. 1996) (quotation omitted), or when it is "morally wrong" to do so, *Schumacher v. Schumacher*, 627 N.W.2d 725, 729 (Minn. App. 2001).

Rapacz first argues that the district court abused its discretion by finding that he has been unjustly enriched by retaining the loaned funds because the record establishes that he and the Slucks agreed he would repay the funds only if and when he is able. We agree. The intentions of the parties define the circumstances under which it is unjust to retain the benefit in question. *See Schumacher*, 627 N.W.2d at 729 (stating that unjust enrichment depends on whether "the circumstances are such that it would be unjust for [the defendant] to retain the benefit"). The district court found that the parties made no express agreement as to when or how Rapacz is to repay the loaned funds; they agreed only that Rapacz would "pay back the money as soon as he was able."[3] Accordingly, Rapacz's ability to pay is critical to the determination whether Rapacz is unjustly

---

[3] We observe that Rapacz moved the district court for additional findings expressly crediting his testimony that the Slucks knew and accepted that he might never be able to repay the loans. Because the district court expressly found that the parties agreed Rapacz would repay the loans when he was able, we agree with the court that the additional findings Rapacz requested were unnecessary.

4

enriched by retaining the loaned funds. It would be unjust for Rapacz to "evade repayment" if he is able to repay the funds or if he has unlawfully or immorally acted to undermine his ability to do so. But it would not be unjust for Rapacz to retain the loaned funds if he remains unable to repay them.

The district court made no findings regarding Rapacz's current ability to repay the loaned funds or whether he has unjustly acted to undermine his ability to repay the funds. Consequently, the district court's findings do not support its determination that Rapacz has been unjustly enriched, and we reverse that determination and remand for futher proceedings consistent with this opinion.

Rapacz next asserts that the district court abused its discretion by finding that he was unjustly enriched because he has not paid interest on the second loan. This argument is persuasive. Unjust enrichment requires that the defendant *receive* and *retain* something of value. *Zinter*, 799 N.W.2d at 247. Rapacz promised to pay interest on the loans and has not done so. But the district court rejected the contract-based claim and the Slucks do not challenge that on appeal. And it is undisputed that Rapacz did not receive anything of value from the Slucks in exchange for the interest payments, as required to support an unjust-enrichment claim. We conclude the district court abused its discretion by determining that Rapacz has been unjustly enriched by not paying interest on the loans.

**Reversed and remanded.**