*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0563**

In re the Marriage of:
Peter Farrell, petitioner,
Appellant,

vs.

Aimee Olson,
Respondent.

**Filed October 20, 2014
Affirmed
Stoneburner, Judge***

Ramsey County District Court
File No. 62-FA-12-1812

Ryan L. Kaess, Kaess Law, LLC, St. Paul, Minnesota (for appellant)

Aimee Olson, St. Paul, Minnesota (pro se respondent)

Considered and decided by Kirk, Presiding Judge; Hudson, Judge; and Stoneburner, Judge.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**STONEBURNER**, Judge

In this dissolution action, appellant challenges the district court's denial of his post-trial motion to add ten percent interest to cash awarded as a property-division equalizer. We affirm.

## FACTS

Appellant Peter Farrell (husband) was awarded $354,361 as a property-division equalizer in this dissolution action, to be paid by respondent Aimee Olson (wife) at the rate of $4,000 per month. The district court did not award interest on the equalizer. Husband brought a post-trial motion seeking the addition of ten percent interest on the award. The district court denied the motion, adopted wife's proposal that if wife is more than one month delinquent in payments, husband may obtain a judgment against wife for the full unpaid portion of the $354,361 award plus post-judgment interest as required by Minn. Stat. § 549.09, subd.1(c)(2) (2012) (currently providing for post-judgment interest at the rate of ten percent). This appeal followed.

## DECISION

1. **Statutory post-judgment interest**

On appeal, husband argues that the interest he seeks is mandated by Minn. Stat. § 549.09, subd. 1(c)(2), and the district court is without discretion to deny the addition of post-judgment interest. The interpretation and application of a statute involves questions of law that we review de novo. *Redleaf v. Redleaf*, 807 N.W.2d 731, 733 (Minn. App. 2011).

2

Minn. Stat. § 549.09, subd. 1(c)(2), provides that "[f]or a judgment or award over $50,000, . . . the interest rate shall be ten percent per year until paid." In *Riley v. Riley*, 385 N.W.2d 883, 888 (Minn. App. 1986), we held that cash awards in dissolution property divisions are no different from judgments for recovery of money in other types of cases. In *Riley*, husband was ordered to pay wife $30,000 in cash as part of the property division, due 30 days after entry of the decree. *Id.* Husband failed to make the payment until more than a year after payment was due, and we ordered the district court to award statutory post-judgment interest to wife from the date the payment was due until the date the payment was made. *Id.* More recently, in *Redleaf*, we similarly held that a "payee spouse is entitled to ten percent interest per year on a money judgment from an *overdue* marital-property payment." 807 N.W.2d at 735 (emphasis added). The holdings of these cases are consistent with Minn. Stat. § 549.09, subd. 2 (2012), which provides that "interest shall accrue on the unpaid balance of the judgment from the time that it is entered or made until paid."

Husband relies on *Redleaf* to argue that the district court lacks discretion to deny statutory post-judgment interest on a cash award in a dissolution action. But husband ignores Minn. Stat. § 549.09, subd. 2, and the holdings of *Riley* and *Redleaf*, which state that post-judgment interest at the statutory rate does not begin to accrue until a payment is "unpaid" or "overdue," under a court-ordered payment schedule. And husband has not cited any authority that a district court must award interest on a marital-dissolution award before payment is due or any authority showing the failure to award interest on this award is reversible error. As noted below, the district court, in denying husband's

3

motion, explained why it exercised its discretion not to award interest. We conclude that the district court did not err by denying husband's motion for interest on payments not yet due and did not abuse its discretion by making post-judgment interest dependent on wife's failure to make timely payments, as ordered in the decree.

## 2.    Unjust enrichment

Husband also argues that the district court's failure to award interest on the equalizer results in unjust enrichment to wife. Husband cites *Schumacher v. Schumacher*, 627 N.W.2d 725, 729 (Minn. App. 2001), for the proposition that unjust enrichment occurs when a party knowingly receives something of value to which the party is not entitled, and the circumstances are such that it would be unjust for the person to retain the benefit. *Schumacher* is not a dissolution case. There, a son sued his parents alleging promissory estoppel and unjust enrichment based on the parents' alleged breaches of promises to employ the son for life and to make a will. *Id.* at 727.

> An action for unjust enrichment does not lie simply because one party benefits from the efforts of others; instead, "it must be shown that a party was unjustly enriched in the sense that the term 'unjustly' could mean illegally or unlawfully."

*Id.* at 729 (citations omitted). The record reflects that husband loaned wife money for the start-up of her business, and husband asserts that he made the loan "with the expectation there would be a rate of return on his investment." But, as the district court noted in its order denying husband's post-trial motion:

> The Court deliberately did not include a judgment interest provision in the [decree]. The sum to be paid by Wife to Husband is substantially Husband's marital portion of Wife's business. This sum represents a handsome return on the

4

original investment. The accrual of 10% interest on the equalizer would nearly double the payout to Husband, creating for him a windfall and for wife an unreasonable hardship.

Husband has not made any showing that wife acted illegally or unlawfully; to the contrary, the district court made its reasoned determination that husband has received a more-than-adequate return on his investment despite denial of his request for interest on the award. We find no merit in husband's claim of unjust enrichment.

**Affirmed.**