*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1933**

Starry Electric, Inc.,
Appellant,

vs.

Gilman Cooperative Creamery Association, et al.,
Respondents

**Filed July 11, 2016
Affirmed
Worke, Judge**

Benton County District Court
File No. 05-CV-14-2055

Daniel A. Eller, Waite Park, Minnesota (for appellant)

James I. Roberts, St. Cloud, Minnesota (for respondents)

Considered and decided by Worke, Presiding Judge; Reilly, Judge; and Klaphake, Judge.[*]

_____

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**WORKE**, Judge

Appellant challenges the summary-judgment dismissal of its unjust-enrichment claim arising out of respondents' receipt of funds from appellant's insurance company for a claim based on appellant damaging respondents' sewage line. We affirm.

## FACTS

Respondent Adam Bonovsky is the general manager at respondent Gilman Cooperative Creamery Association. In late 2010, Bonovsky requested that appellant Starry Electric, Inc., install a light pole. Starry asked Bonovsky if there were underground utilities in the area. Bonovsky stated that there were none and that Starry was okay to drill. Gilman was built in the early 1920s and no records exist of the location of the original underground utilities. Starry drilled and installed the light pole.

In the spring of 2012, a public works director determined that the sewer line at Gilman had been damaged during the installation of the light pole. Forty truckloads of sewage-soaked soil had to be removed, and Gilman had to replace its entire septic line. Bonovsky informed Starry that it hit the septic line when drilling the hole for the light pole. Starry provided its insurance information to Gilman.

In November 2013, Starry discovered that Gilman filed a claim. Starry was informed that as a result of the claim, its insurance company was cancelling its policy. Starry sought new insurance at a higher premium.

In November 2014, Starry filed a complaint alleging, among other things, that Gilman had been unjustly enriched by receipt of the insurance funds following its loss.

Respondents moved for summary judgment. Starry argued that Gilman was unjustly enriched because, even if its drill hit the sewer line, Gilman's insurance claim was for the cost of replacing the entire dated sewer line, rather than just the damaged area. The district court concluded that respondents were entitled to summary judgment because there was no evidence of a benefit conferred by Starry on Gilman, no evidence of a contract between the parties, and no evidence that the claim was illegal or unlawful. This appeal follows.

## DECISION

We review a district court's grant of summary judgment de novo. *Riverview Muir Doran, LLC v. JADT Dev. Grp., LLC*, 790 N.W.2d 167, 170 (Minn. 2010). "In doing so, we determine whether the district court properly applied the law and whether there are genuine issues of material fact that preclude summary judgment." *Id.*

"[S]ummary judgment is inappropriate when reasonable persons might draw different conclusions from the evidence presented." *DLH, Inc. v. Russ*, 566 N.W.2d 60, 69 (Minn. 1997). Conversely, a party "is entitled to summary judgment as a matter of law when the record reflects a complete lack of proof on an essential element of the plaintiff's claim." *Lubbers v. Anderson*, 539 N.W.2d 398, 401 (Minn. 1995). We review the evidence in the light most favorable to the nonmoving party. *McIntosh Cty. Bank v. Dorsey & Whitney, LLP*, 745 N.W.2d 538, 545 (Minn. 2008). But "the party resisting summary judgment must do more than rest on mere averments." *DLH*, 566 N.W.2d at 71.

Unjust enrichment is an equitable doctrine. *Southtown Plumbing, Inc. v. Har-Ned Lumber Co.*, 493 N.W.2d 137, 140 (Minn. App. 1992). A party succeeds on an unjust-enrichment claim when he establishes that (1) a party knowingly received something of value, (2) the recipient was not entitled to the thing of value, and (3) it would be unjust to allow the recipient to retain the benefit. *Schumacher v. Schumacher*, 627 N.W.2d 725, 729 (Minn. App. 2001). Generally, an unjust-enrichment claim does not lie simply because a party benefits from the efforts of another; instead, "it must be shown that a party was unjustly enriched in the sense that the term unjustly could mean illegally or unlawfully." *First Nat'l Bank of St. Paul v. Ramier*, 311 N.W.2d 502, 504 (Minn. 1981) (quotation omitted); *see Park-Lake Car Wash, Inc. v. Springer*, 394 N.W.2d 505, 514 (Minn. App. 1986) (stating that "unjust" can also mean "unconscionable by reason of a bad motive" (quotation omitted)).

Starry argues that there are two genuine issues of material fact that preclude summary judgment: (1) whether Starry was responsible for hitting the septic line, and (2) even if Starry hit the septic line, whether Gilman used the localized damage to replace its entire septic line. As the district court determined, the issues are not material to the elements of an unjust-enrichment claim.

Starry fails to establish the elements of an unjust-enrichment claim. *See Schumacher*, 627 N.W.2d at 729. It fails on the first element because Starry did not confer a benefit on Gilman. Starry's insurer paid a claim submitted by Gilman for damage Starry caused. Starry claims that it may not have caused the damage, but that matter is not before us. We will not speculate on reasons an insurance company decides

4

to pay a claim. If Gilman filed a fraudulent claim, it would be a claim for the insurance company to pursue recovery. Starry also fails on the second element because there is no evidence that Gilman was not entitled to payment of its claim. Finally, Starry fails on the third element because there is no evidence that Gilman did not experience a legitimate loss. Therefore, it is not inequitable for Gilman to retain any benefit the insurance company conferred. The district court appropriately granted summary judgment on Starry's unjust-enrichment claim.

**Affirmed.**