*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0998**

Allen Battle,
Respondent,

vs.

Auto Sales 1, Inc.,
Appellant

**Filed February 21, 2017
Reversed
Worke, Judge**

Ramsey County District Court
File No. 62-CV-15-4018

Allen Battle, Minneapolis, Minnesota (pro se respondent)

Konstandinos Nicklow, Meshbesher & Spence, Ltd., Minneapolis, Minnesota (for appellant)

Considered and decided by Halbrooks, Presiding Judge; Worke, Judge; and Jesson, Judge.

# UNPUBLISHED OPINION

**WORKE**, Judge

Appellant auto-seller challenges judgment entered in favor of respondent purchaser for the return of respondent's down payment for a vehicle that he returned to appellant. Because respondent purchased the vehicle "as is," we reverse.

**FACTS**

On December 4, 2014, respondent Allen Battle purchased a vehicle from appellant Auto Sales 1 Inc. This was the third vehicle Battle had purchased from Auto Sales 1. The purchase price was approximately $8,000, and Battle paid a down payment of $4,000. Battle purchased the vehicle "as is," with the understanding that there was "no right to return" the vehicle.

Battle picked up the vehicle on December 15, 2014. Sometime thereafter, Battle called Auto Sales 1 because the vehicle stalled while Battle was driving it. Auto Sales 1 repaired the vehicle. Battle picked up the vehicle on January 2, 2015. Battle called Auto Sales 1 on January 6 because the vehicle would not start. Auto Sales 1 again repaired the vehicle. After the vehicle was repaired, Battle refused to pick it up. On March 4, 2015, Auto Sales 1 repossessed the vehicle after Battle failed to make any payments.

Battle filed a claim in conciliation court seeking return of his down payment. Judgment was entered in favor of Auto Sales 1 because Battle purchased the vehicle "as is." Battle appealed to the district court and the judgment was vacated. Following a hearing, the district court entered judgment in favor of Battle, concluding that Auto Sales 1 was unjustly enriched by retaining the down payment and repossessing the vehicle.

Auto Sales 1 moved for a new trial, arguing that the district court ignored the parties' contract. The district court denied Auto Sales 1's posttrial motion. While the district court found that it had ignored the parties' contract, it concluded that it could ignore the contract because Auto Sales 1 ignored the "as is" language in the contract when it repaired the vehicle. This appeal follows.

2

**D E C I S I O N**

Auto Sales 1 argues that the district court should not have ignored the clear and unambiguous language of the parties' contract. "Contract interpretation is a question of law that [this court] review[s] de novo." *Valspar Refinish, Inc. v. Gaylord's, Inc.*, 764 N.W.2d 359, 364 (Minn. 2009) (quotation omitted). "The primary goal of contract interpretation is to ascertain and enforce the intent of the parties." *Id.* "The plain and ordinary meaning of the contract language controls, unless the language is ambiguous." *Bus. Bank v. Hanson*, 769 N.W.2d 285, 288 (Minn. 2009). Contractual language is ambiguous "if, judged by its language alone and without resort to parol evidence, it is reasonably susceptible of more than one meaning." *Metro Office Parks Co. v. Control Data Corp.*, 295 Minn. 348, 351, 205 N.W.2d 121, 123 (1973). When a contract is clear and unambiguous, courts should not rewrite or modify it. *Valspar*, 764 N.W.2d at 364-65.

Here, the contract provided that the vehicle was "being sold 'as is' with all faults." The contract also provided that "[t]here is no right to return on this vehicle. The dealer has the option to repair an unknown defect at [the purchaser's] expense. This is treated on an individual case[] by case [basis]." The contract is clear and unambiguous that the vehicle was sold "as is" with "all faults" and that Battle had no right to return the vehicle.

The district court determined, however, that while it ignored the contract, it could do so because Auto Sales 1 repaired the vehicle and did not invoke the "as-is" provision. But an Auto Sales 1 representative testified that the repairs were done as part of its "customer service." And the contract provides that Auto Sales 1 "has the option to repair an unknown defect" treated on a case-by-case basis. This provision indicates that Auto

3

Sales 1 could elect to perform repairs at its own expense. The fact that the repairs were done for "customer service" for Battle, who had purchased vehicles from Auto Sales 1 previously, does not present a situation in which Auto Sales 1 failed to invoke the "as-is" provision. Because the vehicle was sold "as is," Battle had no right to return the vehicle and expect return of his down payment.

Auto Sales 1 also argues that the district court erred in concluding that it was unjustly enriched by keeping Battle's down payment and repossessing the vehicle. Unjust enrichment is an equitable doctrine. *Southtown Plumbing, Inc. v. Har-Ned Lumber Co.*, 493 N.W.2d 137, 140 (Minn. App. 1992). A party succeeds on an unjust-enrichment claim when he establishes that (1) a party knowingly received something of value, (2) the recipient was not entitled to the thing of value, and (3) it would be unjust to allow the recipient to retain the benefit. *Schumacher v. Schumacher*, 627 N.W.2d 725, 729 (Minn. App. 2001). "[I]t must be shown that a party was unjustly enriched in the sense that the term unjustly could mean illegally or unlawfully." *First Nat'l Bank of St. Paul v. Ramier*, 311 N.W.2d 502, 504 (Minn. 1981) (quotation omitted); *see Park-Lake Car Wash, Inc. v. Springer*, 394 N.W.2d 505, 514 (Minn. App. 1986) (stating that "unjust" can also mean "unconscionable by reason of a bad motive" (quotation omitted)).

Here, Auto Sales 1 knowingly received the down payment. But it was entitled to receive the down payment because it sold the vehicle. Battle failed to fulfill his obligation to pay for the vehicle, and Auto Sales 1 repossessed the vehicle, receiving a second item of value, which it was also entitled to receive. Auto Sales 1 did not do anything illegal, fraudulent, or with bad motive. Battle cannot succeed on an unjust-enrichment claim

4

because he failed to show that Auto Sales 1 was not entitled to receive the things of value and that it would be unjust to allow Auto Sales 1 to retain the things of value.

Lastly, Auto Sales 1 argues that Battle does not have standing to bring the action because he titled the vehicle in the name of his company. In denying Auto Sales 1's request for posttrial relief, the district court determined that Auto Sales 1 waived the challenge because its objection was untimely. The district court is correct.

Auto Sales 1's representative testified that Battle requested that title be in his company's name and that title was transferred to Battle's company. Although this evidence was presented, no argument was made as to its relevance. Moreover, Battle did not file a claim seeking return of the vehicle. In that case, perhaps, the proper party would have been the holder of title. Instead, Battle sought return of his down payment. There is no dispute that Battle paid the down payment. Thus, as the individual who paid a down payment, regardless if it was to purchase a vehicle for himself or his company, Battle suffered an "injury-in-fact" and "has a sufficient stake in a justiciable controversy." *See State by Humphrey v. Philip Morris Inc.*, 551 N.W.2d 490, 493 (Minn. 1996) (quotation omitted).

**Reversed.**